# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 22-mj-2024
ONE WHITE APPLE IPHONE WITH A BLACK CASE )
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the **Eastern** District of **Pennsylvania**, there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 USC § 922(g) | Possession of a Firearm by a Felon |

The application is based on these facts:

Please see attached Affidavit of Probable Cause

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Kyle Raguz
*Applicant's signature*

ATF Special Agent Kyle Raguz
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 12/28/2022                    /s/ Carol Sandra Moore Wells
                                    *Judge's signature*

City and state: Philadelphia, PA     Hon. Carole Sandra Moore Wells, US Magistrate Judge
                                    *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>ONE WHITE APPLE IPHONE WITH A BLACK CASE | )<br>)<br>)  Case No.   22-mj-2024<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the   Eastern   District of   Pennsylvania
*(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Please see Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before   January 10, 2023   *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   Carol Sandra Moore Wells   .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for       days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of                        .

Date and time issued:   12/28/2022 10:49 am                            /s/ Carol Sandra Moore Wells
*Judge's signature*

City and state:   Philadelphia, PA                             Hon. Carol Sandra Moore Wells, US Magistrate Judge
*Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** ||||
|---|---|---|---|
| Case No.: <br> 22-mj-2024 | Date and time warrant executed: | Copy of warrant and inventory left with: ||
| Inventory made in the presence of : ||||
| Inventory of the property taken and name of any person(s) seized: ||||

| **Certification** |
|---|
|     I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. <br><br><br> Date: _____ <br><br>                                                                         *Executing officer's signature* <br><br>                                                                           *Printed name and title* |

## ATTACHMENT A

### Description of the items to be searched

This warrant authorizes the search and forensic examination of the below listed cellular telephones for the purpose of identifying and seizing the electronically stored information described in Attachment B related to violations of Title 21, United States Code, Section 922(g).

1. One white Apple iPhone with a black case, confiscated from Nykee Stone at the time of his arrest at 5900 North Front Street, Philadelphia, Pennsylvania, for VUFA violations which has been maintained in a secure location inside the Philadelphia Police Department since the time of its seizure on October 12, 2022.

## ATTACHMENT B

## Items to Be Seized

1. Address directory, logs of telephone numbers dialed, telephone numbers of incoming, outgoing, or missed calls, and the date, time, and length of those calls, text messages, voicemails (including date and time information regarding those voicemails);

2. Internet browsing activity and history, calendar entries, notes, memoranda, and digital documents, photographs and images, that relate to firearms and planning for unlawful criminal acts;

3. Any photographs, videos, and audio files;

4. Any text messages (SMS), multimedia messages (MMS), email messages, chats, or incoming and outgoing contacts;

5. Any social media messaging and shared photographs, including but not limited to Facebook, Instagram Twitter, MySpace;

6. Any subscriber information, contact information to include names, addresses, telephone numbers, email addresses, social media addresses or other identifiers;

7. Any documents, spreadsheets, calendar, note, password or other database entries related to criminal activity;

8. Any system data or configuration information contained with the device, i.e. SD, SIM card; and

9. Proof of ownership/control of the cellular telephone.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF ONE WHITE APPLE IPHONE WITH A BLACK CASE | Case No. 22-mj-2024<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Kyle Raguz, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Rule 41 of the Federal Rules of Criminal Procedures for a search warrant authorizing the search of certain property and examination of the contents of that property, that is a white Apple iPhone with a black case which was recovered by Philadelphia Police from the defendant, Nykee Stone, incident to his arrest on October 12, 2022 ("Target Phone"). The information to be searched is described in the following paragraphs and in Attachment A.

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been since November 2015. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I am a graduate of the Criminal Investigator Training Program and the Special Agent Basic Training Program at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. I am currently assigned to a specialized enforcement group, the ATF Violent Crimes Task Force, whose primary mission is to investigate those individuals and groups that are engaged in the commission of federal firearms and narcotics violations.  I have personally

Case 2:22-mj-02024   Document 1   Filed 12/28/22   Page 7 of 12

conducted, and assisted in, multiple narcotics investigations into Drug Trafficking Organizations (DTO's). As part of these investigations, I have handled Confidential Informants (CI's), observed and handled heroin, cocaine, crack-cocaine, methamphetamine, and marijuana, and authored and executed multiple search and arrest warrants.

3. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 922(g)(1) (possession of a firearm by a felon) have been committed by Nykee Stone. There is also probable cause to search the information described in Attachment A for evidence of these crimes further described in Attachment B.

## JURISDICTION

1. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

2. On October 12, 2022, at approximately 12:20 p.m., officers from the Philadelphia Police Department saw Nykee Stone on an Instagram live video from the account "jefe_rook" in which Stone displayed a firearm sticking out of the waistband of his pants.

3. At approximately 1:30 p.m. that same day, Philadelphia Police officers saw Stone on the 100 Block of Widener Street in Philadelphia adjusting the front of his waistband before getting into the rear passenger seat of a Honda Civic. Officers Omlor and Del Ricci of the

2

Philadelphia Police Department followed the Civic in an unmarked vehicle for less than a block before they saw the Civic pull over. Stone then opened the car door and threw an object onto the sidewalk. Officer Del Ricci recovered the object: a Glock, model 23, .40 caliber semi-automatic pistol, bearing serial number BDNR814, loaded with 13 live rounds of .40 caliber ammunition. Officers then pulled over the Civic and arrested Stone.  Further investigation revealed that Stone has prior felony convictions and thus was prohibited from being in possession of a firearm under 18 U.S.C. § 922(g)(1).

4. Officers stopped the Honda Civic and discovered the driver was working for a rideshare company, whereby passengers use an application on their cell phone to request and pay for a ride in drivers' vehicles.

5. Based on my training and experience, I am aware that a wireless telephone (or mobile or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing, conducting searches on and downloading information from the internet. Wireless telephones may also include global positioning system ("GPS") technology for determination the location of the device.

6.      Based on my training and experience, I know that wireless telephones have capabilities that allow them to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. In my training and experience, examining data stores on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used those devices.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

7.      Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the internet are typically stored for some period of time on those devices. This information can sometimes be recovered with forensic tools.

8.      *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the telephone was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Target Phone because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw

conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a wireless telephone and similar devices is evidence may depend on other information stored on the electronic device and the application of knowledge about how the device behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage mediums.

9. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the telephone consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

10. Searching for evidence described in Attachment B may require a range of data analysis techniques. In some cases, agents and computer analysts may be able to conduct carefully targeted searches that can locate evidence without requiring a time-consuming manual search through unrelated materials that may be commingled with criminal evidence. In other

cases, however, such techniques may not yield the evidence described in the warrant. Criminals can mislabel or hide information, encode communications to avoid using key words, attempt to delete information to evade detection, or take other steps designed to frustrate law enforcement searches for information. These steps may require agents and law enforcement or other analysts with appropriate expertise to conduct more extensive searches, such as scanning storage area unrelated to things described in Attachment B, or perusing all stored information briefly to determine whether it falls within the scope of the warrant. In light of these difficulties, in searching the telephone, we intend to use whatever data analysis techniques appear necessary to locate and retrieve the evidence described in Attachment B.

11.     *Manner of execution.* Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion into a premises. Consequently, I submit there is reasonable cause for the Court to authorize the execution of the warrant at any time in the day or night.

## CONCLUSION

12.     Based on the forgoing, I request that the Court issue the proposed search warrant authorizing the examination of the Target Phone described in Attachment A and the seizure of the items described in Attachment B, all of which is evidence of a violation of Title 21, United States Code, Section 922(g).

## REQUEST FOR SEALING

13.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court.  These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation.  Accordingly, there is good cause to seal these documents

because their premature disclosure may give targets an opportunity to flee/continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, notify confederates, or otherwise seriously jeopardize the investigation.

Respectfully submitted,

/s/ Kyle M. Raguz
Kyle M. Raguz
Special Agent
Bureau of Alcohol, Tobacco, Firearms and
Explosives (ATF)

Subscribed and sworn to before me on __December 28, 2022__

/s/ *Carol Sandra Moore Wells*
_____
Honorable Carol Sandra Moore Wells
UNITED STATES MAGISTRATE JUDGE